THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO MARRERO, Defendant and Appellant.

No. CR-65-289.     Decided June 29, 1966.

*Víctor Domínguez Correa* and *Federico Pizarro Santiago* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

An information was filed against appellant and his employer which charged them that ". . . the former as owner[1] and the latter as his employee [appellant herein], illegally and wilfully, had offered for sale and kept in a dairy, intended for human consumption, and for the purpose of pasteurizing it, adulterated or diluted milk."

---

[1] The trial court acquitted the owner of the dairy.

In support of this information, the prosecuting attorney presented the testimony of an officer of the Department of Health who took the sample of the milk and that of the chemist who analyzed it. The former testified that he took a sample of milk from the dairy of Miguel Ángel Rodríguez in the ward Mameyes of Luquillo, from a tank refrigerator. He testified that "the sample consisted of 3 vials, each one containing 8 drops of formol to preserve the sample; in the presence of Pablo Marrero, I proceeded to fill, cover, recover, seal, and wax the three samples of milk, the three units. . . . I delivered a part of the three units, that is, one unit thereof to Pablo Marrero, who signed a receipt for it, for the part I delivered to him, and the other two parts of the sample, the other two units were sent to the Chemical Laboratory of the Department of Health."

The other witness, the chemist, testified that the sample examined corresponding to the one taken in Rodríguez's dairy, was found to be adulterated with 11% of water artificially added.

Appellant adduces that "the most important question to be decided in this case is whether The People established, beyond a reasonable doubt, that the defendant had adulterated milk for human consumption."

In the instant case the sample of milk was taken from a tank refrigerator in a dairy in the presence of appellant.

■ Milk is one of the basic foods of the human being. It is essential during infancy. For that reason, the need to regulate its production and sale arose. The lawmakers approved laws making its adulteration an offense. They did not require intent as an ingredient of this offense. *People* v. *Solla*, 66 P.R.R. 902 (1947); *People* v. *Bou*, 64 P.R.R. 445 (1945). See also *People* v. *Hernández, ante,* p. 423, and *Morissette* v. *United States*, 342 U.S. 246 (1952).

We have decided in *People* v. *Pérez*, 23 P.R.R. 815 (1916), followed in *People* v. *Solla, supra,* that "the mere fact of

having a milk-stand open to the public is sufficient to raise the presumption that the milk found there is intended for sale, because such is the object of milk-stands and, therefore, the *fiscal* was not required to prove that the milk was offered for sale."

■ The owner of a dairy is in the same position as the owner of a milk-stand. It is assumed that he produces milk for human consumption. It is well known that dairies are operated to produce milk for sale to human beings. It cannot be conceived that the establishment of a dairy is for anything else but to produce milk for human consumption. Moreover, to keep it in a tank refrigerator is certainly a sign that it was done to maintain it in good condition for human consumption. As it was stated by Chief Justice Del Toro in *People* v. *Morales*, 47 P.R.R. 721 (1934), "The current practice is that the milk is sold as for food for human beings. . . . Milk is the food par excellence of the human being and human beings constitute the consuming public."

The case of *People* v. *Fagot*, 92 P.R.R. 219 (1965), is not applicable. It involved the sufficiency of the information. Neither is *People* v. *Castro*, 76 P.R.R. 143 (1954), which was overruled by the amendment introduced to Act No. 77 of 1925 in 1955, upon including among the prohibited acts, the transportation or storage of milk "for the purpose of submitting it to the process of pasteurization or any other process preparatory for human consumption." Act No. 77 of June 17, 1955, 24 L.P.R.A. § 791 (1964). Now then, any other statement in our former decisions contrary to what is set forth herein should be considered as overruled.

■ Appellant alleges that the owner having been acquitted, the employee's acquittal lies. He is not right. We have repeatedly decided that both the owner and the employee are liable. *People* v. *Rodríguez*, 61 P.R.R. 708 (1943); *People* v. *Sánchez*, 57 P.R.R. 37 (1940). The fact that the

court committed error upon relieving the owner from liability, does not benefit him in any way.

The judgment rendered by the Superior Court, Humacao Part, on January 27, 1965 will be affirmed.

Mr. Justice Santana Becerra did not participate herein.

